IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS                                                PLAINTIFF

VERSUS                             CIVIL ACTION NO. 5:10cv39-KS-MTP

CORRECTIONAL OFFICER ROBERTS, et al.                  DEFENDANTS

ORDER DENYING *IN FORMA PAUPERIS* STATUS
AND DISMISSING CASE

The instant civil action is presently before this Court on plaintiff's motion to proceed *in forma pauperis* [2]. The plaintiff states that this is a complaint as well as a petition for habeas relief pursuant to 28 U.S.C. § 2241. Because the Prison Litigation Reform Act (PLRA) applies to prisoner complaints concerning the conditions of confinement, but not to a petition for habeas relief, this Court must determine the true nature of the instant civil action in order to determine the motion to proceed *in forma pauperis*. *See United State v. Cole*, 101 F.3d 1076, 1077 (5th Cir. 1996)(The PLRA and the filing fee requirement set forth by the PLRA do not apply to habeas proceedings).

A petition for habeas relief is appropriate when challenging the fact or duration of one's incarceration which would result in a earlier release from prison. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). When the allegations are challenging the "rules, customs, and procedures" affecting conditions of confinement, a *Bivens* civil rights action is the appropriate manner in which to present such a claim to this court. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *see also Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). The plaintiff is requesting monetary damages and that he be released. Notwithstanding the label placed on this civil action by the plaintiff, this Court finds that since he is complaining about the

conditions of his confinement, *i.e.*, being housed in the Special Housing Unit and being denied access to his legal materials, it is clear that this complaint is properly brought as a *Bivens*[1] action, not a petition for habeas relief pursuant to § 2241. *See Lair v. Purdy,* 188 Fed. Appx. 250, 2006 WL 1877278, @ *1 (5th Cir. 2006); *Krueger v. Woods,* 83 F.3d 419 (5th Cir. 1996); *see also Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976). Having determined that this is a *Bivens* action, this court finds that the plaintiff's motion to proceed *in forma pauperis* must be analyzed pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

A review of the record establishes that during plaintiff's incarceration, he has brought at least three civil actions or appeals under § 1915 which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff's *in forma pauperis* motion [2] in this civil action will therefore be denied pursuant to 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed *in forma pauperis* is denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[2] The court must consider all actions which were dismissed as

---

[1] This Court finds that because the plaintiff is complaining about the deprivation of rights as a result of the actions or lack of actions by federal actors instead of state actors this civil action is authorized by *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)(Under a *Bivens* complaint, a victim who has suffered a constitutional violation by a federal actor can recover damages in federal court.).

[2] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Plaintiff has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[3] 28 U.S.C. § 1915(g). Therefore, denial of plaintiff's i.f.p. privilege is appropriate unless the plaintiff can meet the exception to the "three-strikes provision."

Title 28 U.S.C. § 1915(g) provides an exception to the "three-strikes provision." In order to meet the exception of 28 U.S.C. § 1915(g), which would allow the plaintiff to proceed as a

---

[3] In *Banks v. Hayward, et al.*, No. 06-509 (W.D. PA. May 30, 2006), Plaintiff's claim was dismissed for failure to state a claim.
    In *Banks v. Hayward, et al.*, No. 06-1572 (W.D. PA. Jan. 10, 2007), Plaintiff's claim was dismissed as frivolous and/or for failure to state a claim.
    In *Banks v. Dove, et al.*, No. 06-2289 (M.D. PA. Jan. 16, 2007), Plaintiff's claim was dismissed as frivolous.
    In *Banks v. Pittsburgh Tribune Review, et al.*, No. 07-336 (W.D. PA. May 4, 2007), Plaintiff's claim was dismissed for failure to state a claim.

pauper in this action, the plaintiff must be "imminent danger of serious physical injury." Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statue leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. *Id*. "Further, [b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

The court finds plaintiff's allegations that the defendants have allegedly unlawfully transferred him to the Special Housing Unit ("SHU") because he was attempting to gain access to his legal papers, are insufficient to meet the threshold requirement of imminent danger of serious physical injury. *See Banos v. O'Guin,* 144 F.3d 883, 884-85 (5th Cir. 1998)(body cavity searches conducted in alleged retaliation failed to establish imminent danger of serious physical injury); *Edmond v. Texas Dep't of Corrections, et al.*, No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); *Humphrey v. Lopez*, No. 5:04-cv-94, 2004 WL 980512, at * 2 (N.D. Tex. May 6, 2004)(allegations of delay in medical care due to racial discrimination fails to establish imminent danger of serious physical injury); *Ford v. Foti*, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001) (allegations of missed appointment for circumcision and prison doctor's failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); *Gallagher*

*v. McGinnis*, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000) (allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); *Carson v. TDCJ-ID*, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).  Accordingly,

IT IS THEREFORE ORDERED AND ADJUDGED, that plaintiff's motion to proceed *in forma pauperis* in this cause is **denied** pursuant to 28 U.S.C. § 1915(g) and this case is hereby **dismissed**.

IT IS FURTHER ORDERED AND ADJUDGED that the clerk of court is directed to re-open this civil action if the full filing fee of $350.00 is paid within 30 days from the entry of this order.

IT IS FURTHER ORDERED AND ADJUDGED that all pending motions are terminated.    IT IS FURTHER ORDERED AND ADJUDGED that since the defendants have never been called upon to respond to plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will be without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this order of dismissal will be entered.

SO ORDERED, this the 11th  day of May, 2010.

                                              *s/Keith Starrett*
                                              UNITED STATES DISTRICT JUDGE